NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CELSA RUELAS-RODRIGUEZ, | No. 15-73909 |
| Petitioner, | Agency No. A205-270-375 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Celsa Ruelas-Rodriguez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to

remand and dismissing her appeal from an immigration judge's decision denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance and the denial of a motion to remand. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Ruelas-Rodriguez's motion for a three-year continuance, where the basis for the motion remained merely a speculative possibility at the time of her final removal hearing. *See* 8 C.F.R. § 1003.29; *Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

The BIA did not abuse its discretion in denying Ruelas-Rodriguez's motion to remand where she failed to establish prima facie eligibility for the relief sought. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (an applicant must generally show an individualized, rather than a generalized, risk of persecution to establish prima facie eligibility for asylum or withholding); *Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1152 (9th Cir. 2010) (an applicant must establish it is more likely than not they would be tortured in the country of removal to establish prima facie eligibility for protection under the Convention Against Torture).

The record does not support Ruelas-Rodriguez's contention that the BIA failed to provide sufficient reasoning for its conclusions or show proper

15-73909

consideration of relevant factors. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (the BIA must "merely . . . announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation omitted)).

**PETITION FOR REVIEW DENIED.**